The STATE ex rel. HISLE

v.

INDUSTRIAL COMMISSION OF OHIO et al.

[Cite as *State ex rel. Hisle v. Indus. Comm.* (1999), 140 Ohio App.3d 550.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 98AP–1490.

Decided Dec. 28, 1999.

*Harris & Burgin, Jerald D. Harris* and *Andrea L. Burns,* for relator.

*Betty D. Montgomery,* Attorney General, and *C. Bradley Howenstein,* Assistant Attorney General, for respondents Industrial Commission of Ohio and Administrator, Ohio Bureau of Workers' Compensation.

*Dinsmore & Shohl* and *Joan M. Verchot,* for respondent SanMar Corporation.

---

PETREE, Judge.

On April 9, 1997, relator, Richard Hisle, was injured during the course and scope of his employment when he fell from a piece of equipment known as a cherry picker. Relator's workers' compensation claim was allowed for a contusion of the right shoulder, a fractured clavicle and rib, a closed extradural hematoma, post-concussion syndrome, and adjustment reaction with associated depression and anxiety.

In accordance with the drug and alcohol policy of his employer, relator was subjected to a post-accident drug screen. The result of that screen revealed the presence of cannabinoids in relator's body. As a result of testing positive for the use of marijuana, relator's employment was terminated on April 14, 1997.

In December 1997, the Industrial Commission of Ohio ("commission") issued an order that denied relator's April 9, 1997 application for temporary total disability ("TTD") compensation, finding that relator had, in essence, voluntarily abandoned his employment by both violating his employer's substance abuse policy, as well as relator's prior return-to-work agreement.[1] On November 23, 1998, relator filed this original action asking this court to issue a writ of mandamus directing

---

1. The return-to-work agreement was the result of a prior drug test that showed that relator had used cocaine.

the commission to vacate its order denying his application for TTD compensation, and to issue a new order granting TTD benefits.

On March 19, 1999, relator's complaint was referred to a magistrate of this court, pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, who subsequently rendered a decision and recommendation which included comprehensive and specific findings of fact and conclusions of law. Particularly, the magistrate analyzed the record and briefs of the parties and concluded that the commission's order was supported by some evidence and was governed by the Ohio Supreme Court's decision in *State ex rel. Louisiana–Pacific Corp. v. Indus. Comm.* (1995), 72 Ohio St.3d 401, 650 N.E.2d 469. Therein, the Supreme Court held that a claimant's violation of a written work rule or policy will be considered tantamount to a voluntary abandonment of employment when the rule or policy (1) clearly defined the prohibited conduct, (2) had been previously identified by the employer as a dischargeable offense, and (3) was either known or should have been known by the employee. The matter is now before the court upon relator's objections to the magistrate's decision filed on June 9, 1999.

Relator's objections to the contrary, this court finds that the magistrate properly discerned the pertinent legal issues and properly applied the applicable law to those issues. In particular, we are unpersuaded by relator's argument that, as a matter of law, he cannot be found to have abandoned his employment due to the fact that he was injured. Stated alternatively, we do not believe that an injury precludes, as a matter of law, a finding of voluntary abandonment under circumstances such as those set forth in this case. As such, we agree with the magistrate and the commission that relator's inability to return to work in this case was not causally related to the allowed conditions of relator's claim. Relator's objections are, therefore, overruled.

Having completed an independent review, we find no error in either the magistrate's decision or analysis. Accordingly, pursuant to Civ.R. 53(E)(4)(b), we hereby adopt the magistrate's decision as our own, including the findings of fact and conclusions of law rendered therein. Therefore, in accordance with the magistrate's decision, relator's request for a writ of mandamus is denied.

*Objections overruled*
*and writ denied.*

DESHLER, J., concurs.

TYACK, J., dissents.

TYACK, Judge, dissenting.

I respectfully dissent.

Nothing in the record before us indicates that Richard Hisle voluntarily abandoned his employment with SanMar Corporation. Instead, the record clearly demonstrates that SanMar Corporation used Hisle's serious injuries as an excuse to conduct a drug screen and then fire him based upon a finding that sometime in the past Mr. Hisle had smoked marijuana. In fact, the sample for the drug screen was taken in the emergency room of the hospital.

The Supreme Court of Ohio needs to call a halt to or curtail the use of the fiction that a person who has been seriously injured on the job has somehow voluntarily abandoned his or her employment based upon facts discovered after the injuries have occurred.

Hisle broke his clavicle and at least one rib. He struck his head so hard that he caused bleeding under the skull and a concussion. He suffered these injuries because he was elevated in a cherry picker doing work for SanMar Corporation.

The silliness of the fiction that Hisle voluntarily abandoned his employment is especially obvious here. When exactly did he abandon his employment? When he smoked marijuana at some unknown time prior to the fall? In the air while falling from the cherry picker? When he hit the ground fracturing bones and causing head injuries? While he was lying on the ground, broken and bleeding?

I do not condone Hisle's use of marijuana or his prior use of cocaine. However, I do not believe that the Industrial Commission of Ohio can consider someone to have voluntarily abandoned his or her employment under circumstances such as presented here.

I would grant the requested writ of mandamus. Since the majority of this panel does not, I respectfully dissent.